FILED

NOT FOR PUBLICATION

APR 27 2010

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| ROBERT D. ALVIS, | No. 09-16048 |
| Plaintiff - Appellant, | D.C. No. 2:07-cv-00984-MCE-DAD |
| v. | |
| AT&T INTEGRATED DISABILITY SERVICE CENTER, individually and as administered by Sedgwick CMS; SEDGWICK CMS; AT&T INCOME DISABILITY PLAN, | MEMORANDUM* |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, District Judge, Presiding

Argued and Submitted April 14, 2010
San Francisco, California

Before: SCHROEDER and RAWLINSON, Circuit Judges, and MOODY, Senior
District Judge.**

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\* The Honorable James Maxwell Moody, Senior United States District
Judge for the District of Arkansas, sitting by designation.

Appellant Robert D. Alvis (Alvis) appeals the district court's decision granting summary judgment in favor of AT&T Integrated Disability Service Center (AT&T IDSC).

We have previously held that "[w]hen an administrator can show that it has engaged in an ongoing, good faith exchange of information between the administrator and the claimant, the court should give the administrator's decision broad deference notwithstanding a minor irregularity." *Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 972 (9th Cir. 2005) (en banc) (citations and internal quotation marks omitted). AT&T IDSC consistently contacted Alvis and informed him that his additional evidence did not meet the disability plan requirements for demonstrating the existence of a disabling condition. Consequently, we conclude that AT&T IDSC engaged in the type of dialogue mandated by ERISA, and its decision is entitled to deference. *See id.*

We also conclude that AT&T' IDSC's decision was reasonable because, in denying Alvis' claim, AT&T IDSC relied upon two independent physicians who reviewed all the medical records. *See Montour v. Hartford Life & Accident Ins. Co.*, 588 F.3d 623, 629 (9th Cir. 2009), *as amended* ("In the absence of a conflict, judicial review of a plan administrator's benefits determination involves a straightforward application of the abuse of discretion standard. . . . [and] can be

upheld if it is grounded on *any* reasonable basis.") (citations and internal quotation marks omitted) (emphasis in the original).

**AFFIRMED.**